UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: _____

RODGER COONEY,

    Plaintiff,

v.

NATIONAL FIRE PROTECTION, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, RODGER COONEY ("Plaintiff"), brings this action against Defendant, NATIONAL FIRE PROTECTION, LLC ("Defendant"), for violations of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and seeks to recover from Defendant back pay, an equal amount as liquidated damages, declaratory and other equitable relief, including front pay, costs and reasonable attorneys' fees.

2. Plaintiff also brings this action against Defendant for disability discrimination in violation of the American with Disability Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* (the "ADA"), and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* (the "FCRA"), and seeks to recover from Defendant back pay, compensatory and punitive damages, declaratory and other equitable relief, including front pay, costs and reasonable attorneys' fees.

1

## JURISDICTION, VENUE & CONDITIONS PRECEDENT

3. This action arises under the FMLA and the ADA. This Court has original jurisdiction over those claims pursuant to 28 U.S.C. § 1331. It has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the U.S. District Court for the Southern District of Florida (the "District") because Plaintiff was employed in the District by Defendant, which at all relevant times hereto conducted and/or continues to conduct business in the District and because the acts that give rise to Plaintiff's claims occurred within the District.

5. All conditions precedent to the bringing of this action have been satisfied and/or waived. On or about January 22, 2019, Plaintiff dual filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission and the Florida Commission on Human Relations alleging disability discrimination under the ADA and FCRA (the "Charge"). More than 180 days have lapsed since the filing of the Charge. On or about September 18, 2019, the U.S. EEOC issued its Notice of Right to Sue. The Florida Commission on Human Relations has issued no determination.

## PARTIES

6. At all times relevant hereto, Defendant was an "employer" covered by the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees within 75 miles of where Plaintiff worked each working day during each of 20 or more calendar workweeks.

7. At all times relevant hereto, Plaintiff was an "employee" entitled to the protections of the FMLA. Plaintiff: (a) suffered from a serious health condition as defined by the FMLA, which necessitated FMLA leave; (b) was employed by Defendant for at least 12 months and

worked at least 1,250 hours during the relevant 12-month period prior to his request for leave; and (3) worked at a location where 50 or more employees worked.

8. At all relevant times hereto, Plaintiff engaged in statutorily protected activity under the FMLA by taking FMLA-qualifying leave for a serious health condition as defined by the FMLA.

9. At all relevant times hereto, Defendant was an "employer" covered under the ADA and FCRA because it employed over 15 individuals.

10. At all relevant times hereto, Plaintiff was disabled in that he suffered from a medical condition that substantially affected one or more of his major life activities.

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendant from on or about August 1, 2016 through on or about July 7, 2018 when his employment was wrongfully terminated.

12. In or about February 2018, Plaintiff began suffering from heart-related medical issues that resulted in Plaintiff having open heart surgery on or about February 26, 2018.

13. These medical issues left Plaintiff in need of FMLA-qualifying leave, which Plaintiff applied for and Defendant approved.

14. After the expiration of the 12-week leave period on or about May 21, 2018, Plaintiff requested, and Defendant approved, a reasonable accommodation for his disability – additional leave time.

15. On or about June 22, 2018, Plaintiff contacted Defendant to notify it that he had been cleared to return to work on July 2, 2018 and asked Defendant whether Defendant needed anything further from him before that date. Defendant did not respond to Plaintiff until July 7, 2018.

16. On or about July 7, 2018, Defendant notified Plaintiff that he could not return to work. Defendant alleged Plaintiff was being terminated as part of a reduction in force.

17. Plaintiff, however, was replaced by a non-disabled employee.

18. Defendant's reasons for Plaintiff's termination – a reduction in force – were pretextual for the real reason why Plaintiff was terminated. Plaintiff was terminated because he used FMLA-qualifying leave and based on his disability.

19. Defendant retaliated against Plaintiff for utilizing what he believed to be proper and authorized FMLA leave.

20. The timing of Plaintiff's termination demonstrates a causal connection between his FMLA leave and the unlawful actions taken by Defendant against him – his termination.

21. Moreover, Defendant terminated Plaintiff based on his disability.

22. As a direct result of this unlawful termination, Plaintiff suffered damages, including lost wages, benefits, and other remuneration to which he was entitled.

23. Defendant purposefully and intentionally retaliated against Plaintiff for using FMLA-qualifying leave and based on Defendant's disability.

24. Defendant did not have a subjective or objective good faith basis for its actions.

**COUNT I: RETALIATION UNDER THE FMLA (29 U.S.C. § 2601, ET SEQ.)**

25. Plaintiff adopts and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 1, 3-8, 11-16, 18-20, and 22-24.

26. At all times relevant hereto, Plaintiff was protected under the FMLA.

27. Plaintiff engaged in statutorily protected activity by exercising his FMLA rights and applying for and taking FMLA-qualifying leave.

28. Plaintiff suffered an adverse employment action when his employment with Defendant was terminated.

29. Plaintiff's FMLA-qualifying leave ended on or about May 21, 2018. Plaintiff's employment was terminated less than two months later.

30. Defendant retaliated against Plaintiff by terminating his employment because Plaintiff exercised his FMLA rights

31. Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

32. As a direct result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a direct result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, equitable relief, including front pay, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA (42 U.S.C. § 12111 ET SEQ.)

34. Plaintiff adopts and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 2-5, 9-18, and 21-24.

35. At all times relevant hereto, Defendant was an "employer" subject to the provisions of the ADA, 42 U.S.C. § 12111(5)(A).

36. At all times relevant hereto, Plaintiff was a "qualified individual" with a "disability," as defined in the provisions of the ADA, 42 U.S.C. § 12102; 42 U.S.C. § 12111(8).

37. The ADA prohibits discrimination against an employee because of an employee's known or perceived disability.

38. Defendant and/or its agents or employees acting on its behalf discriminated against Plaintiff based on his disability.

39. Defendant's conduct was intentional, deliberate and willful and in callous disregard of Plaintiff's rights.

40. Defendant's acts of discrimination caused Plaintiff to suffer economic losses, mental and emotional distress, embarrassment and humiliation.

41. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under the ADA.

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost back pay, front pay and all other equitable relief, compensatory damages, punitive damages, pre- and post-judgment interest, taxable costs, and a reasonable attorney's fees pursuant to 42 U.S.C. §12117 and for all other relief the Court deems just and proper.

### COUNT III – DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA (FLA. STAT. CHAPTER 760 ET SEQ.)

42. Plaintiff adopts and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 2-5, 9-18, and 21-24.

43. At all times relevant hereto, Defendant was an "employer" subject to the provisions of the Fla. Stat. §760.02(7).

44. At all times relevant hereto, Plaintiff suffered from a "handicap" as defined in the provisions of Fla. Stat. §760.22(7).

45. Defendant has engaged in unlawful employment practices in violation of Fla. Stat. § 760.10 by terminating Plaintiff's employment with Defendant based on his disability.

46. Defendant has deprived the Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee based on his disability.

47. The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based on her disabilities.

48. Defendant's unlawful equal practices above were done with malice or with reckless indifference to the Florida statutory protected rights of the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendant for lost back pay, front pay and all other equitable relief, compensatory damages, punitive damages, pre- and post-judgment interest, taxable costs, and a reasonable attorney's fees pursuant to Fla. Stat. §760.11(5) and for all other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 9th day of January 2020.

By:   /s/ Diane P. Perez  
Diane P. Perez, Esq., B.C.S. (41869)  
E-mail: diane@dianeperezlaw.com  
**DIANE PEREZ, P.A.**  
121 Alhambra Plaza, Suite 1500  
Coral Gables, Florida 33134  
Telephone: (305) 985-5676  
Facsimile: (305) 985-5677  
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/ Diane P. Perez
Diane P. Perez, Esq., B.C.S. (41869)
**DIANE PEREZ, P.A.**

**Service List**
Ilanit Fischler
Florida Bar No. 106691
ifischler@fisherphillips.com
Kenneth A. Knox
Florida Bar. No. 829455
kknox@fisherphillips.com
FISHER & PHILLIPS LLP
450 East Las Olas Blvd., Suite 800
Ft. Lauderdale, FL 33301
Tel: (954) 525-4800
**Attorneys for Defendant**